GREENBERG TRAURIG, LLP
Ricky L. Shackelford (SBN 151262)
*shackelfordr@gtlaw.com*
Matthew R. Gershman (SBN 253031)
*gershmanm@gtlaw.com*
1840 Century Park East, Suite 1900
Los Angeles, CA  90067
Tel:  (310) 586-7700
Fax:  (310) 586-7800

COOLEY LLP
Michelle C. Doolin (SBN 179445)
*doolinmc@cooley.com*
Darcie A. Tilly (SBN 239715)
*dtilly@cooley.com*
4401 Eastgate Mall
San Diego, CA  92121
Telephone:  (858) 550-6000
Facsimile:   (858) 550-6420

Attorneys for Defendant Fifth Generation, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY HOFMANN,<br><br>Plaintiff,<br><br>v.<br><br>FIFTH GENERATION, INC., a Texas corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.:  **'14CV2569 JM   JLB**<br><br>NOTICE OF REMOVAL BY DEFENDANT FIFTH GENERATION, INC. PURSUANT TO 28 U.S.C. § 1332(d)(2)<br><br>Action filed:  Sept. 30, 2014<br>Trial date:  none set |

PLEASE TAKE NOTICE that Defendant Fifth Generation, Inc. ("Defendant") hereby removes the above-captioned action, *Hofmann v. Fifth Generation, Inc.*, Case No. 37-2014-00031150-CU-NP-CTL (the "Action") from the California Superior Court for the County of San Diego to the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 1332(d), 1441(a), and 1446(b) on the grounds articulated below. Defendant provides this "short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a). In the event that the Court requires that Defendant prove the facts alleged in this pleading, or to otherwise establish jurisdiction, Defendant is prepared to do so.[1]

## STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). In relevant part, CAFA grants District Courts original jurisdiction over civil class actions filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant and where the amount in controversy for the putative

---

[1] If a removing party's "allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, [then the removing party] must support them by competent proof." *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992) (quoting *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189, 56 S. Ct. 780 (1936)); *see also Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008) ("The removing party, as the proponent of federal jurisdiction, bears the burden of describing how the controversy exceeds $5 million … This is a pleading requirement, not a demand for proof."); *McNutt*, 298 U.S. at 189 (defendants must put forth competent proof "[i]f his allegations of jurisdictional facts are challenged by his adversary in any appropriate manner"). In the response to such a challenge, the District Court may consider the "contents of the removal petition," as well as any "supplemental evidence later proffered by the removing defendant." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (quoting *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1117 (9th Cir. 2004) and citing *Cohn v. Petsmart, Inc.,* 281 F.3d 837, 840 n.1 (9th Cir. 2002)); *see also Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335-36 (5th Cir. 1995) (same); *Singer v. State Farm Mut. Auto Ins.*, 116 F.3d 373, 374 (9th Cir. 1997) (in response to motion to remand, "defense counsel submitted declarations to show that the amount in controversy exceeded $50,000").

class members in the aggregate exceeds the sum or value of $5,000,000, exclusive of interest and costs. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice. The sole named defendant, Fifth Generation, Inc., initiates, and consents to, removal.

## VENUE

2.     The Action was filed in the Superior Court of the State of California for the County of San Diego. Therefore, venue properly lies in the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 84(a), 1391(a), and 1441(a).

## PLEADINGS, PROCESS, AND ORDERS

3.     On or about September 15, 2014, plaintiff Gary Hofmann ("Plaintiff"), on behalf of himself and others similarly situated, initiated the Action by filing a complaint in the Superior Court for the State of California, San Diego County. The original complaint wrongly named "Fifth Dimension, Inc." as the defendant.

4.     On or about September 25, 2014, Plaintiff filed a document with the Superior Court seeking to correct the name of the defendant at-issue.

5.     Prior to serving Defendant with the Summons and Complaint, on or about September 30, 2014, Plaintiff filed a First Amended Complaint (hereafter "Complaint") with the Superior Court. According to the Complaint, Plaintiff and the members of the nationwide putative class he purports to represent are retail purchasers of Tito's Handmade Vodka, a product manufactured by Defendant. (Exhibit A, Complaint ¶¶ 1, 19.)

6.     Plaintiff contends he served Defendant with the Summons and Complaint on October 2, 2014.

7.     In accordance with 28 U.S.C. §1446(a), a true and correct copy of the Summons and Complaint (together with the civil case cover sheet, affidavit of venue, ADR information packet, notice of case assignment, e-filing notice, and General

Order of the Presiding Department No. 051414) filed in the San Diego Superior Court and served on Defendant is attached hereto as Exhibit A.

8.   The Complaint alleges four causes of action for:  (1) violation of California's Unfair Competition Law, Business and Professions Code §§ 17200, et seq.; (2) violation of California's False Advertising Law, Business and Professions Code §§ 17500 et seq.; (3) violation of the Consumers Legal Remedies Act, Civil Code §§ 1750 et seq.; and (4) negligent misrepresentation.

### SERVICE ON THE STATE COURT

9.   Pursuant to 28 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal in the United States District Court for the Southern District of California, written notice of such filing will be given by the undersigned to Plaintiff's counsel of record, and a copy of the Notice of Removal will be filed with the Clerk of the San Diego County Superior Court.

### TIMELINESS OF THE REMOVAL

10.   This removal is timely because this Notice is being filed within 30 days after the receipt by Defendant, through service of process, of a copy of the Summons and Complaint.  *See* 28 U.S.C. § 1446(b)(1); *Roth v. CHA Hollywood Med. Center, L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013).

### ORIGINAL JURISDICTION PURSUANT TO CAFA

11.   This Court has jurisdiction over this case under CAFA, 28 U.S.C. § 1332(d), and this case may be removed pursuant to the provisions of 28 U.S.C. § 1441(a), in that it is a civil putative class action and:  (1) the proposed class contains at least 100 members; (2) no defendant is a state, state official, or other governmental entity; (3) the total amount in controversy for all class members exceeds $5 million, as stipulated by the named plaintiff; and, (4) there is diversity between at least one class member—*e.g.*, the named plaintiff, who is a citizen of the State of California—and the sole defendant, which is a citizen of the State of Texas.

CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446.  As discussed below, this case meets each CAFA requirement for removal.

### *The Proposed Class Contains At Least 100 Members*

12. Plaintiff's class consists of all persons who purchased Tito's Handmade Vodka in the United States during the last four years.  (Exhibit A, Complaint ¶¶ 10, 19.)  In the past four years, more than 100,000 cases of Tito's Handmade Vodka have been sold in the United States, which corresponds to more than 1 million bottles of product.  (*See* Declaration of Katherine White ("White Decl."), ¶ 4.)  Therefore, it appears that there are well over 100 retail purchasers who would comprise the putative class since, if the class comprised of 100 or less persons, each putative class member would have had to purchase on average over 10,000 bottles of product.  *See Mullins v. Harry's Mobile Homes, Inc.*, 861 F. Supp. 22, 24 (S.D.W.V. 1994) (stating that when analyzing the propriety of removal: "The court … is not required to leave its common sense behind."); *see also Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 770 (11th Cir. 2010) ("[V]iewing facts through the lens of common sense is not star gazing.").

### *Defendant Is Not A Governmental Entity*

13. Defendant is not a state, state official, or other governmental entity.

### *A Putative Class Member's State of Citizenship Is Diverse From Defendant's Citizenship*

14. CAFA's diversity requirement is satisfied when at least one plaintiff is a citizen of a state in which the defendant is not a citizen. 28 U.S.C. §§ 1332(d)(2)(A), 1453.  Here, Plaintiff alleges that he resides in San Diego, California.  (Exhibit A, Complaint ¶ 2.)  Further, Plaintiff has stipulated, through counsel, that he is a California citizen.

15. For diversity purposes, a corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…." 28 U.S.C. § 1332(c)(1);

*see Hertz Corp. v. Friend*, 559 U.S. 77, 80-81, 130 S. Ct. 1181, 1185-86 (2010). Here, Defendant was, at the time of the filing of this action, and remains, a Texas corporation with its corporate headquarters in Austin, Texas. (Exhibit A, Complaint ¶ 3; *see* White Decl., ¶ 3.) All of its administrative and executive functions are performed at those headquarters. (White Decl., ¶ 3.) And all of Defendant's production facilities are located in Austin, Texas. Texas is therefore Defendant's principal place of business. (*Id.*) Thus, Defendant is a citizen of Texas and is not a citizen of the State of California.

16. The "DOE" defendants named in Plaintiff's Complaint are fictitious. (Exhibit A, Complaint ¶ 4.) The Complaint does not set forth the identity or status of these fictitious defendants, nor does it set forth any charging allegation against any fictitious defendants. The citizenship of such fictitious defendants sued under fictitious names must be disregarded for the purposes of determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties in this action. *See* 28 U.S.C. § 1441(b)(1); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

17. In sum, because Plaintiff is a citizen of California, and Defendant is a citizen of Texas, at least one putative class member is diverse from the Defendant, and thus CAFA's minimal diversity requirement is met.

### *The Amount In Controversy On Class Claims Exceeds $5,000,000*

18. Though Defendant concedes no liability on Plaintiff's claims, assuming Plaintiff's allegations to be true, Plaintiff's class claims place in controversy a sum greater than $5,000,000. Specifically, Plaintiff alleges that he and the putative class members (in a putative nationwide class), among other things, are entitled to recover from Defendant "a refund of the monies Class Members paid to purchase the offending Vodka plus sales taxes." (Exhibit A, Complaint, Prayer ¶ 6.) Plaintiff further alleges the relevant statutory time period is four years. (Exhibit A, Complaint ¶ 10.) Accordingly, because the total nationwide sales for Tito's Handmade Vodka

exceeds $5,000,000 (*see* White Decl., ¶ 5), the amount-in-controversy requirement is satisfied here.  *See Watkins v. Vital Pharm., Inc.*, 720 F.3d 1179, 1181 (9th Cir. 2013).  Plaintiff has also stipulated, through counsel, that his class claims place in controversy a sum greater than $5,000,000.

19.  On top of this, Plaintiff and his putative class also seeks to recover attorneys' fees, costs, and interest.  (Exhibit A, Complaint, Prayer ¶¶ 8-10.)  None of these additional recoveries are included in the foregoing calculation.

20.  At issue "is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe."  *See Korn*, 536 F. Supp. 2d at 1205 (quoting *Rippee v. Boston Market Corp.,* 408 F. Supp. 2d 982, 986 (S.D. Cal.2005)).  "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Id.* at 1205 (citing *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). Further, defenses that a defendant may assert are not considered in assessing the amount placed in controversy. *See Riggins v. Riggins*, 415 F.2d 1259, 1262 (9th Cir. 1969) ("None of these facts are disclosed by the complaint; the court must resolve them in determining the validity of the defense of the statute of limitations; and the possibility of such a defense being valid does not affect the jurisdiction of the district court to hear and determine the controversy"); *Hernandez v. Towne Park, Ltd.*, No. CV 12-02972 MMM (JCGx), 2012 WL 2373372, *10 (C.D. Cal. June 22, 2012) ("[T]he fact that [defendant] may assert a limitations defense does not limit the relief sought in the complaint."); *Lara v. Trimac Transp. Svcs. (W.) Inc.*, No. CV 10-4280-GHK (JCx), 2010 WL 3119366, *3 (C.D. Cal. Aug. 6, 2010) ("affirmative defenses … may not be invoked to demonstrate that the amount in controversy is actually less than the jurisdictional minimums.").

21.  Defendant denies that it has any liability to Plaintiff or to the putative class that he seeks to represent, and denies that Plaintiff or the putative class

6

members are entitled to recover any damages, punitive damages, injunctive relief, attorney fees, or the other relief requested in the Complaint. Defendant also submits that this action does not satisfy the requirements for class certification under Fed. R. Civ. P. 23. Nevertheless, amount in controversy is not a merits issue, but, instead is measured simply by the nominal value of the claims asserted in the Complaint. Here, that value exceeds $5 million, based upon nationwide sales of Tito's Handmade Vodka over the past few years.

22. Removing Defendant hereby reserves the right to amend this notice of removal.

WHEREFORE, Defendant removes the Action from the Superior Court of the State of California, County of San Diego, to this Court.

DATED: October 28, 2014                    Respectfully submitted,

                                           COOLEY LLP


                                           */s/ Michelle C. Doolin*
                                           Attorneys for Defendant Fifth
                                           Generation, Inc.