GREENBERG TRAURIG, LLP
Ricky L. Shackelford (SBN 151262)
*shackelfordr@gtlaw.com*
Matthew R. Gershman (SBN 253031)
*gershmanm@gtlaw.com*
1840 Century Park East, Suite 1900
Los Angeles, CA  90067
Tel:  (310) 586-7700
Fax:  (310) 586-7800

COOLEY LLP
Michelle C. Doolin (SBN 179445)
*mdoolin@cooley.com*
Darcie A. Tilly (SBN 239715)
*dtilly@cooley.com*
4401 Eastgate Mall
San Diego, CA 92121
Tel: (858) 550-6000
Fax: (858) 550-6420

Attorneys for Defendant,
Fifth Generation, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY HOFMANN,<br><br>  Plaintiff,<br><br>v.<br><br>FIFTH GENERATION, INC., a Texas corporation; and DOES 1 through 100, inclusive,<br><br>  Defendants. | CASE NO.:   14-CV-2569 JM (JLB)<br><br>**DEFENDANT FIFTH GENERATION, INC.'S NOTICE OF RELATED CASE** |

TO THE COURT AND THE PLAINTIFF'S ATTORNEYS OF RECORD:

Pursuant to Civil Local Rule 40.1(f), please take notice of the pendency of the following case, also filed in the Sothern District of California: *Cabrera v. Fifth Generation, Inc. dba Tito's Handmade Vodka*, Case No. 14-cv-02990-L-RBB (filed December 22, 2014). The two cases, which are both putative class actions, meet the definition of "related action" under Local Rule 40.1(g) because they arise from the same events and involve substantially the same parties, facts, and questions of law. The overlap in the actions is demonstrated by the allegations quoted below:

## DEFENDANT

*Hofmann First Amended Complaint ¶ 3*: "Defendant FIFTH GENERATION, INC. is a corporation that is organized and exists under the Laws of the State of Texas. Its business address (as listed on the Texas Secretary of State website) is 12101 Moore Road, Austin, Texas 78719. FIFTH GENERATION, INC. can be served via its registered agent for service of process: Bert Beveridge, 12101 Moore Road, Austin, Texas 78719."

*Cabrera Complaint ¶ 12*: "Defendant, Fifth Dimension, Inc. dba Tito's Handmade Vodka is a corporation that is incorporated under the laws of the State of Texas, and does business within the State of California and within this district."

## ALLEGED WRONGFUL CONDUCT

*Hofmann First Amended Complaint ¶ 1*: "This is a nationwide class action case brought on behalf of all purchasers of vodka ('Vodka') manufactured, distributed, marketed, and/or sold by … [Defendant]. Through a fraudulent, unlawful, deceptive and unfair course of conduct, [Defendant] … manufactured, marketed, and/or sold their 'TITO'S HANDMADE' Vodka to the general public with the false representation that the Vodka was 'handmade' when, in actuality, the Vodka is made via a highly-mechanized process that is devoid of human hands."

<u>*Cabrera* Complaint ¶ 1:</u> "Plaintiff … brings this statewide Class Action Complaint to enjoin the deceptive advertising and business practices of … [Defendant] with regard to Defendant's false and misleading promotion of its vodka. Defendant manufactures, markets, and/or sells its 'Tito's Handmade Vodka' to California consumers and the general public with the false representation that the product is 'Handmade' when in fact Defendant's vodka is manufactured using mechanized and/or automated processes, which involves little to no human supervision, assistance or involvement."

## CLASS DEFINITIONS

<u>*Hofmann* First Amended Complaint ¶ 19</u>: "Plaintiff brings this action on behalf of himself as an individual and on behalf of all other persons similarly situated in the United States who purchased Defendants' Vodka (the 'Class')."

<u>*Cabrera* Complaint ¶ 100</u>: "All persons who purchased a Tito's vodka in the State of California within four years prior to the filing of the Complaint in this action."

\* \* \* \*

*Cabrera* is the second-filed action and is assigned to the Honorable M. James Lorenz. The purpose of this notice is to inform the Court, as required under Civil Local Rule 40.1(f), that the actions are related and respectfully request that they be assigned to a single district judge pursuant to Civil Local Rule 40.1(i). Assignment to a single judge will serve the convenience of the Court, parties and witnesses, and will promote the just and efficient conduct of the actions because it will help [1] eliminate duplicative discovery, [2] prevent duplicative motions, [2] prevent conflicting pretrial rulings (particularly as to class certification), [3] conserve judicial resources, [4] reduce the costs of litigation, and [5] allow the actions to proceed more efficiently to trial.

DATED:  January 29, 2015        Respectfully submitted,

                                          GREENBERG TAURIG, LLP

                                          */s/ Ricky L. Shackelford*
                                          Attorneys for Defendant
                                          Fifth Generation, Inc.