GREENBERG TRAURIG, LLP
Ricky L. Shackelford (SBN 151262)
*shackelfordr@gtlaw.com*
Matthew R. Gershman (SBN 253031)
*gershmanm@gtlaw.com*
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
Tel: (310) 586-7700
Fax: (310) 586-7800

COOLEY LLP
Michelle C. Doolin (SBN 179445)
*mdoolin@cooley.com*
Darcie A. Tilly (SBN 239715)
*dtilly@cooley.com*
4401 Eastgate Mall
San Diego, CA 92121
Tel: (858) 550-6000
Fax: (858) 550-6420

Attorneys for Defendant,
Fifth Generation, Inc.

[Additional Counsel Listed on Next Page]

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY HOFMANN,<br><br>       Plaintiff,<br><br>v.<br><br>FIFTH GENERATION, INC., a Texas corporation; and DOES 1 through 100, inclusive,<br><br>       Defendants.<br><br>AND RELATED CASE | Case No:   14-CV-2569 JM (JLB)<br>Related Case No:  14-CV-2990-JM (JLB)<br><br>**JOINT MOTION TO AMEND SCHEDULING ORDER; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Action filed:  Sept. 30, 2014<br>Removed:      October 28, 2014<br><br>Trial date:     October 31, 2016 |

CASE NO.: 14-CV-2569 JM (JLB)

LA 132198837v3

JOHN H. DONBOLI (SBN: 205218)
E-mail: jdonboli@delmarlawgroup.com
DEL MAR LAW GROUP, LLP
12250 El Camino Real, Suite 120
San Diego, CA 92130
Telephone: (858) 793-6244
Facsimile: (858) 793-6005

JONATHAN W. CUNEO
Email: jonc@cuneolaw.com
TAYLOR ASEN
Email: tasen@cuneolaw.com
CUNEO GILBERT & LaDUCA, LLP
507 C Street, NE
Washington, DC 20002
Telephone: (202) 789-3960
Facsimile: (202) 789-1813

*Attorneys for Plaintiff, Gary Hofmann*

## I. INTRODUCTION

Defendant, Fifth Generation, Inc. ("Defendant") and, Plaintiff Gary Hofmann ("Hofmann") (Collectively "the parties), by and through their counsel of record, hereby jointly move the Court to amend its Scheduling Order issued by the Court on June 19, 2015.

Following the June 19, 2015 Initial Status Conference, the parties have continued to meet and confer concerning the schedule for completing discovery necessary to present two early motions in the case, defendant's summary judgment motion on the safe harbor issue and plaintiffs' motion for class certification. As the parties set forth in their respective portions of the Joint Report, there was disagreement whether it was appropriate to litigate an early summary judgment motion. Now that the Court's scheduling order has decided that issue, the parties have discussed some agreed modifications that, if adopted by the Court, will keep the case on an appropriate track towards disposition, but do so in a way that will streamline the process.

Specifically, the discovery necessary to present defendant's safe harbor summary judgment motion is limited in scope, but also quite specific to the safe harbor issue, such that the discovery will have very little bearing upon plaintiffs' required showings under Rule 23. As the Court has recognized, the decision on that summary judgment motion could prove to be dispositive. Under the current schedule, the parties would have to continue conducting discovery and briefing a class certification motion, which could include preliminary expert reports addressing consumer perception issues, as well as significant fact discovery from both the parties and third parties. None of these issues would be part of the safe harbor summary judgment motion. Moreover, it could all be for naught if the Court grants defendant's motion. The parties believe, and jointly propose, to defer some of those activities and expense until after the summary judgment motion is decided.

LA 132198837v3

In light of those issues, and with a mind to balancing the prompt disposition of the case with the cost efficient means of doing so, the parties jointly request that the Court modify its June 19, 2015 Scheduling Order in the following ways:

### A. Phasing of Discovery

The parties propose that discovery prior to the filing of Defendant's safe harbor summary judgment be limited to the information the parties reasonably believe is necessary to bring or to respond to that motion. The discovery and motion cutoff dates for that summary judgment motion would remain unaffected.

The parties then propose that further discovery be stayed pending the Court's disposition of the safe harbor summary judgment motion. If the Court's ruling leaves issues to be litigated, then the case would proceed to litigation of class certification. The parties propose a period of six months for Plaintiffs to file their class certification motion and the parties to conduct that fact discovery.

### B. Phasing of Litigation

The parties recognize that class certification is watershed development in a case, but it is not a dispositive ruling, although it is subject to appeal. Parties routinely postpone some discovery, and its attendant expense, until after a ruling on class certification. Simply put, some investments in expert reports that might be necessary to prosecute and defend a class action do not make sense in connection with litigating the claims of a few individuals. Having deadlines driven by the calendar rather than triggered by case-specific developments can be highly inefficient, because the parties are forced either to make those investments (and risk having them prove unnecessary), or to delay without knowing what kind of case to prepare for. Under the parties' proposed modified schedule, the final cutoff dates for fact and expert discovery, as well cutoff dates for dispositive motions, would be triggered by the Court's ruling on class certification. The parties propose four months to complete all fact and expert discovery on the merits of the claims and on remedies.

     **C.**    <u>**Joint Proposed Modified Scheduling Order**</u>

The parties jointly propose a modified scheduling order, which is attached as Exhibit 1. For ease of reference, the Court's June 19, 2015 Scheduling Order is attached as Exhibit 2.

**II.**    <u>**ARGUMENT**</u>

A trial court has discretion to modify its own scheduling order upon a showing of good cause. *Izaguirre v. Greenwood Motor Lines, Inc.*, 523 Fed. Appx. 482, 483 (9th Cir. 2103). The Court's focus in considering a motion, or joint motion, to amend a scheduling order is on the parties' diligence in litigating the case. *Johnson v. Mammoth Recreation, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *Villone v. United Parcel Servs., Inc.*, Case No. CV-09-8213-PHX, 2011 WL 320907 (D. AZ. Jan 31, 2011), at *2 ("good cause standard primarily considers the diligence of the party seeking the amendment).

Here, the parties have been diligently working to meet the Court's current scheduling order. To that end, all parties have served their initial disclsosures, and all parties timely served their initial sets of discovery directed to the safe harbor summary judgment motion. The parties are well on track to meet all the deadlines the Court imposed in order to tee up that early summary judgment motion.

The reason for this motion is to address events that may come after summary judgment, but whose timing is not entirely within the parties' control. They parties do not control when they will get a hearing date for the summary judgment motion, and the parties do not control when that motion will be ruled upon. Based upon the current schedule, it is entirely possible that Plaintiffs' motion for class certification would have to be filed before the Court rules upon Defendant's summary judgment motion. The goal of this proposed amendment is to allow all sides to marshal resources as appropriate, but tailor their efforts to actual developments in the case, not just calendar dates.

Another consideration for the Court in determining whether to amend a scheduling order is whether one side is prejudiced either by the amendment or by any delay in seeking amendment. *Abels v. JBC Legal Group, P.C.,* 229 F.R.D. 152, 157 (N.D. Cal.

2005). Here, the parties are jointly seeking the amendment, so there is no claim of prejudice to or by either side. There is no delay involved because the parties are raising the issue early on, and are only seeking to address what might happen after they comply with the Court's initial scheduling order and present the safe harbor summary judgment motion. Thus, no side is seeking to delay or even slow down the case by virtue of anything within that party's control.

Finally, the modified schedule proposed by the parties ***should not delay*** the October 31, 2016 trial date in the current Scheduling Order. The proposed modifications merely shuffle the order of some proceedings and cutoff dates to permit the matter to move forward in a cost-efficient manner, while still meeting the Court's outside date for getting the case to trial. In bringing this Joint Motion, the parties re-affirm their commitment to move the case along properly and to get it to trial on schedule.

## III.  CONCLUSION

For the forgoing reasons, the parties jointly request that the Court modify the Scheduling Order as Provided in Exhibit 1.

DATED:  July 16, 2015
Respectfully submitted,

GREENBERG TRAURIG, LLP

By:  */s/ Ricky L. Shackelford*
Ricky L. Shackelford
Matthew R. Gershman
Attorneys for Defendant
Fifth Generation, Inc., d.b.a.
Tito's Handmade Vodka
E-mail: *shackelfordr@gtlaw.com*
          *gershmanm@gtlaw.com*

4

Case No.:  14-cv-2569 JM (JLB)

LA 132198837v3

| | | |
|---|---|---|
| Dated: July 16, 2015 | | DEL MAR LAW GROUP, LLP |
| | By: | */s John H. Donboli* |
| | | JOHN H. DONBOLI |
| | | DEL MAR LAW GROUP, LLP |
| | | Attorney for Plaintiff GARY HOFMANN and all others similarly situated |
| | | |
| | | CUNEO GILBERT & LaDUCA, LLP |
| | By: | */s Jonathan W. Cuneo* |
| | | JONATHAN W. CUNEO |
| | | TAYLOR ASEN |
| | | Attorneys for Plaintiff GARY HOFMANN and all others similarly situated |

5

Case No.: 14-cv-2569 JM (JLB)

LA 132198837v3

# CERTIFICATE OF SERVICE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

*Hofmann v. Fifth Generation, Inc., etc.*
*USDC Case No. 3:14-CV-2569-JM-JLB*

I am employed in the County of Los Angeles, State of California; I am over the age of 18 years and not a party to the within action; my business address is **1840 Century Park East, Suite 1900, Los Angeles, CA  90067.**

On July 16, 2015, I served the **JOINT MOTION TO AMEND SCHEDULING ORDER; MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action as follows:

| | |
|---|---|
| JOHN H. DONBOLI (SBN: 205218)<br>E-mail: jdonboli@delmarlawgroup.com<br>JL SEAN SLATTERY (SBN: 210965)<br>E-mail: sslattery@delmarlawgroup.com<br>DEL MAR LAW GROUP, LLP<br>12250 El Camino Real, Suite 120<br>San Diego, CA 92130<br>Telephone: (858) 793-6244<br>Facsimile: (858) 793-6005<br><br>*Attorneys for Plaintiff: GARY HOFMANN, an individual and on behalf of all others similarly situated* | Jonathan W. Cuneo, Esq.<br>Email: jonc@cuneolaw.com<br>Taylor Asen, Esq.<br>Email: tasen@cuneolaw.com<br>**CUNEO GILBERT & LaDUCA, LLP**<br>507 C Street, NE<br>Washington, DC 20002<br>Tel: (202) 789-3960<br>Fax: (202) 789-1813<br><br>*Co-Counsel for Plaintiff: GARY HOFMANN, an individual and on behalf of all others similarly situated* |
| Michelle C. Doolin, Esq.<br>Email: doolinmc@cooley.com<br>Darcie A. Tilly, Esq.<br>Email: dtilly@cooley.com<br>**COOLEY LLP**<br>4401 Eastgate Mall<br>San Diego, CA 92121<br>Tel: (858) 550-6000<br>Fax: (858) 550-6420<br><br>*Attorneys for Defendant: FIFTH GENERATION, INC.* | |

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I filed the document(s) with the clerk of the court by using the CM/ECF system.  Participants in the case

Case No.:  14-cv-2569 JM (JLB)

LA 132198837v3

who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☒ **(FEDERAL)**   I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 16, 2015, at Los Angeles, California.

　　　　　　　　　　　　　　　　　　*/s/ Ricky L. Shackelford*
　　　　　　　　　　　　　　　　　　Ricky L. Shackelford