JOHN H. DONBOLI (SBN: 205218)
jdonboli@delmarlawgroup.com
JL SEAN SLATTERY (SBN: 210965)
sslattery@delmarlawgroup.com
CAMILLE JOY DECAMP (SBN: 236212)
cdecamp@delmarlawgroup.com
DEL MAR LAW GROUP, LLP
12250 El Camino Real, Suite 120
San Diego, CA 92130
Telephone:  858.793.6244
Facsimile:   858.793.6005

JONATHAN W. CUNEO
(Admitted *Pro Hac Vice*)
jonc@cuneolaw.com
TAYLOR ASEN
(Admitted *Pro Hac Vice*)
tasen@cuneolaw.com
CUNEO GILBERT & LaDUCA,
LLP
507 C Street, NE
Washington, DC 20002
Telephone:  202.789.3960
Facsimile:   202.789.1813

Attorneys for Plaintiff Gary Hofmann, an individual, and on behalf
of all others similarly situated

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY HOFMANN, an individual, and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> FIFTH GENERATION, INC., a Texas corporation; and DOES 1 through 100, inclusive, <br><br> Defendants. | Civil Action No.:14-cv-2569-JM-JLB <br><br> **CLASS ACTION** <br><br> **PLAINTIFF'S *EX PARTE* APPLICATION FOR LEAVE TO FILE UNDER SEAL INFORMATION SET FORTH IN PLAINTIFF'S <u>OPPOSITION</u> TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S EVIDENTIARY OBJECTIONS; SUPPORTING DECLARATION OF JOHN H. DONBOLI** <br><br> Date:          October 19, 2015 <br> Time:          10:00 a.m. <br> Fl./Room:    5D |

1    Plaintiff Gary Hofmann respectfully moves *ex parte* for an order permitting
2    him to file under seal information in the following document, which is also being
3    lodged contemporaneously, in un-redacted form, with the Court:

4    - Declaration of Bert Butler ("Tito") Beveridge II in Support of
5      Defendant Fifth Generation, Inc.'s Motion for Summary Judgment
6      dated August 28, 2015, (See Docket. Nos. 45 and 46, Filed Under
7      Seal), now repeated in Plaintiff's Evidentiary Objections to Proffered
8      Evidence set forth in Defendant Fifth Generation's Motion for
9      Summary Judgment, at **page 3, lines 13-17, 24-28; page 4, lines 1-15,**
10     **23-24; page 5, lines 2-4, 12-13, 17-24; page 6, lines 15-25; page 7,**
11     **lines 2-3, 8-9, 16-21; page 8, lines 2-4, 9-10, 15-21; page 9, 3-8, 14-**
12     **18, 24-27; and page 10, lines 4-7, 13-15, and 20-23.**
13   - Exhibits to Declaration of Bert Butler ("Tito") Beveridge II in Support
14     of Defendant Fifth Generation, Inc.'s Motion for Summary Judgment
15     dated August 28, 2015, (See Docket. Nos. 45 and 46, Filed Under
16     Seal), now repeated in Plaintiff's Opposition to Defendant Fifth
17     Generation, Inc.'s Motion for Summary Judgment, at **page 3, lines**
18     **14-27; and page 4, lines 1-5.**

19   This *ex parte* Motion is based upon the points and authorities cited herein, as
20   well as the supporting declaration of John H. Donboli, filed concurrently herewith.
21   For the reasons that follow, Plaintiff respectfully requests the Court grant the relief
22   requested.

23          **I.    SUMMARY OF REQUESTED RELIEF**

24   Defendant Fifth Generation, Inc. ("Defendant") applied *ex parte* for relief
25   from the Court for leave to file the Declaration of Bert Butler ("Tito") Beveridge II
26   and its supporting exhibits under seal. Docket No. 45. The Court granted
27   Defendant's application and Mr. Beveridge's declaration was filed under seal.
28   Docket No. 50. In this *ex parte* application, Plaintiff seeks to respect the Court's

order by filing redacted versions of his Objections to Defendant's Proffered Evidence and Opposition to Defendant's Motion for Summary Judgment. Plaintiff will concurrently lodge non-redacted versions of these documents with the Court. This application is made pursuant to the Protective Order (Docket No. 42) entered by this Court on August 14, 2015.

As explained in greater detail in the Declaration of Bryan Plater filed in support of Defendant's ex *parte* request to file Mr. Beveridge's declaration under seal, the sealed declaration "consist[s] of internal and non-public, proprietary information and trade secrets relating to the business of Fifth Generation, namely the distilling and selling of Tito's Handmade Vodka. *See generally*, Declaration of Bryan Plater, Docket No. 45, page 5. According to Mr. Plater, "[d]isclosure of this information would harm Fifth Generation's business and competitive position, particularly because the spirits market is highly competitive and each company holds its proprietary information in the strictest confidence." *Id*.

## II.   <u>LEGAL ARGUMENT</u>

Although there is a presumptive right of public access to court records based upon common law and first amendment grounds, such access may be denied by the court in order to protect confidential information. *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002). The disclosure of trade secrets and information only tangentially related to the cause of action are sufficient justifications to seal court records. *Forsythe v. Brown*, 2011 U.S. Dist. LEXIS 125489 (D. Nev. Oct. 27, 2011) (citing *Kamakana*, 447 F.3d at 1179).

The test for the existence of trade secrets is "whether the matter sought to be protected is information (1) which is valuable because it is unknown to others and (2) which the owner has attempted to keep secret." *Dealertrack, Inc. v. Huber*, 460 F. Supp. 2d 1177, 1183-1184 (C.D. Cal. 2006). Internal data regarding costs, budgets, and profit margins are protectable trade secrets. *First Advantage Background Servs. Corp. v. Private Eyes, Inc.*, 569 F. Supp. 2d 929, 942 (N.D.

1    Cal. 2008) (citing *Whyte v. Schlage Lock Co.*, 101 Cal. App 4th 1443, 1455-56
2    (Cal. App. 2002)).

3          Defendant is a privately-held company that has never made the sealed
4    documents publicly available. Docket No. 45. The information that Plaintiff seeks
5    to redact via this *ex parte* application consists solely of information already
6    protected by the Sealing Order – specifically, the Declaration of Bert Butler
7    ("Tito") Beveridge and supporting exhibits. *See* Docket No. 50.

8          This Court has recognized that good cause exists to seal information
9    contained in Mr. Beveridge's Declaration, *see id.*, and the same good cause exists
10   to seal that same information from Plaintiff's Objections to Evidence Proffered in
11   Support of Defendant's Motion for Summary Judgment, and Plaintiff's Opposition
12   to Defendant's Motion for Summary Judgment.  Plaintiff respectfully requests that
13   the Court grant this *ex parte* application to seal this information in accordance with
14   the Sealing Order.

15   Dated:  October 5, 2015                    Respectfully submitted,

16                                             DEL MAR LAW GROUP, LLP

17

18                                             By: /s/ John H. Donboli

19                                                 JOHN H. DONBOLI
20                                                 jdonboli@delmarlawgroup.com
                                                   JL SEAN SLATTERY
21                                                 sslattery@delmarlawgroup.com
                                                   CAMILLE JOY DECAMP
22                                                 cdecamp@delmarlawgroup.com

23                                                 CUNEO GILBERT & LaDUCA,
                                                   LLP
24                                                 JONATHAN W. CUNEO
                                                   jonc@cuneolaw.com
25                                                 TAYLOR ASEN
                                                   tasen@cuneolaw.com

26                                                 Attorneys for Plaintiff Gary
27                                                 Hofmann, an individual, and all
                                                   others similarly situated

28

## <u>DECLARATION OF JOHN H. DONBOLI</u>

I, John H. Donboli, declare:

1.     I am counsel of record for Plaintiff Gary Hofmann and the putative class in this action. I am a member in good standing of the State Bar of California and the United States District Courts for the Northern, Central, Eastern and Southern Districts of California; and of the United States Court of Appeals for the Ninth Circuit.

2.     I submit this declaration in support of Plaintiff's *Ex Parte* Application for Leave to File Under Seal Information Set Forth in Plaintiff's Opposition to Defendant's Motion for Summary Judgment and Plaintiff's Evidentiary Objections to Proffered Evidence set forth in Defendant's Motion.  I make this Declaration based on personal knowledge and if called to testify, I could and would competently testify to the matters contained herein.

3.     As explained in greater detail in the Declaration of Bryan Plater filed in support of Defendant's *ex parte,* the sealed declaration "consist[s] of internal and non-public, proprietary information and trade secrets relating to the business of Fifth Generation, namely the distilling and selling of Tito's Handmade Vodka." See generally, Declaration of Bryan Plater, Docket No. 45, page 5.

4.     According to Mr. Plater, "[d]isclosure of this information would harm Fifth Generation's business and competitive position, particularly because the spirits market is highly competitive and each company holds its proprietary information in the strictest confidence." *Id*.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on this 5th day of October 2015 in San Diego, California.

By: /s/ John H. Donboli