UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Gary Hofmann,<br><br>                              Plaintiff,<br>v.<br><br>Fifth Generation, Inc.,<br><br>                            Defendant. | Case No.: 14-cv-02569-JM-JLB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL SITE INSPECTION**<br><br>[ECF No. 53] |

Before the Court is Plaintiff Gary Hofmann's Motion to Compel Site Inspection. (ECF No. 53.) Plaintiff's motion is GRANTED IN PART AND DENIED IN PART as follows.

### Legal Standard

Under Rule 26, subject to the limitations imposed by subsection (b)(2)(C), "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. . . ." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* However, "[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of

the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C).

Rule 34 permits a party to "serve on any other party a request within the scope of Rule 26(b) . . . to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it." Fed. R. Civ. P. 34(a)(2).

## Analysis

Here, Plaintiff served a Fed. R. Civ. P. 34(a)(2) request on Defendant, seeking to inspect and videotape Defendant's distillery and manufacturing facility as well as the "equipment used" therein to manufacture Tito's brand "Handmade" vodka. (ECF No. 53-1 at 2; ECF No. 53-2 at 6-7.) Defendant objects to the requested site inspection as irrelevant, premature, harassing, vague, overbroad, and unduly burdensome. Defendant further objects that the inspection is an undue invasion into its confidential, proprietary, and trade secret information, raises significant safety and liability risks, and unduly interferes with Defendant's business operations. (ECF No. 53-2 at 12-31.) Defendant complains that Plaintiff refuses to provide details about what the inspection and videotaping would entail, in spite of numerous requests for that information. (ECF No. 54 at 5.)

Plaintiff argues that the inspection is relevant and that Defendant's objections should be overruled. "Plaintiff seeks a site inspection of Defendant's distillery and manufacturing facility to inspect how the product is made to assess the veracity of the 'handmade' claims Defendant makes on its label." (ECF No. 53-1 at 4.) However, Plaintiff's primary argument is that the site inspection is relevant to show the numerosity element for purposes of his anticipated motion for class certification under Federal Rule of Civil Procedure 23. (ECF No. 53-1 at 5-7.) As to Defendant's objection about a lack of particulars about the proposed inspection, Plaintiff asserts that he will share the

"'who', 'what', 'when', 'how' details of the inspection" after the parties have agreed on a date. (ECF No. 53-1 at 8.)

As to the argument that Plaintiff needs a videotaped inspection of Defendant's plant to establish numerosity, the Court is not persuaded. Under Rule 23, numerosity is established if "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Although the "requirement is not tied to any fixed numerical threshold . . . courts find the numerosity requirement satisfied when a class includes at least 40 members." *Rannis v. Recchia*, 380 Fed. App'x 646, 651 (9th Cir. 2010); *Waller v. Hewlett-Packard Co.*, 295 F.R.D. 472, 482 (S.D. Cal. 2013).

Here, Plaintiff seeks to represent a class of consumers who, at the time of purchase, saw and relied on to their detriment the allegedly false and misleading "handmade" representation on the label for Tito's vodka. (*See* ECF 16 at ¶¶16-20, 42, 49.) Plaintiff pleads the following definition of the putative subclass: "all of Defendants' customers who reside in California and/or California individuals who purchased offending Class Products from September 15, 2010 to the present."[1] (ECF No. 16 at ¶34.) Thus, whether the numerosity element is satisfied in this action will turn on whether Plaintiff can show that, from September 15, 2010 to the present, at least 40 consumers from the defined geographical area bought a bottle of Tito's vodka with the "handmade" representation on the label.[2]

Plaintiff fails to meet his burden to show that the requested site inspection or survey proposed is relevant to numerosity.[3] Without citation to legal authority, Plaintiff argues that "[i]t is likely that to establish the numerosity element for class certification,

---

[1] Plaintiff does not plead any other class definitions in the operative complaint.
[2] Defendant contends that this element will easily be shown for purposes of class certification because, in part, it "will not be contesting numerosity." (ECF No. 54 at 4.)
[3] On reply, Plaintiff argues that "[e]stablishing an understanding of how consumers perceive or define 'handmade' is central to both Plaintiff's and Defendant's positions on class certification." (ECF No. 55 at 3.) However, Plaintiff merely refers back to his moving papers and fails to tie his argument to any Rule 23 element beyond numerosity.

Plaintiff will need to establish that the putative class had a similar understanding of or definition for what 'handmade' means." (ECF No. 53-1 at 5.) Plaintiff then goes on to explain that performing a consumer perception survey that utilizes a video recording of his site inspection of Defendant's "process" for making Tito's vodka is "the best way to define the term 'handmade'" and show a consensus among average consumers that the "handmade" label is deceptive and misleading. (ECF No. 53-1 at 5-6; ECF No. 55 at 3.) Plaintiff fails to show how his proposed survey of the average consumer (who may not even be a member of the putative class) is relevant to demonstrating numerosity – *i.e.* at least 40 consumers bought a bottle of Tito's vodka with the "handmade" representation on the label during the relevant time frame and from the defined geographical area.[4]

Although the Court is unpersuaded that a videotaped site inspection is relevant to issues of class certification, a site inspection of Defendant's distillery and manufacturing facility may well be relevant to the merits of the claims and defenses in this case. An inspection is relevant insofar as "Plaintiff seeks a site inspection of Defendant's distillery and manufacturing facility to inspect how the product is made to assess the veracity of the 'handmade' claims Defendant makes on its label." (ECF No. 53-1 at 4.) Defendant objects to an inspection, but mostly based on the alleged undue burdens that arise from the pre-certification timing and the requested videotaping of the site inspection. Thus, the issue is whether the discovery should be limited or barred based on Defendant's objections.

The Court is convinced that Plaintiff's request to videotape his site inspection should be barred, at least at this point in the proceedings, as the burden of the requested discovery significantly outweighs its likely benefit. Further, Plaintiff is able to obtain the information about Defendant's process for making Tito brand vodka through other more convenient, less burdensome, and less expensive methods of discovery, such as requests

---

[4] The parties seem to be in agreement that, at class certification, Plaintiff has the burden to define the term "handmade." (ECF No. 53-1 at 5-6; ECF No. 54 at 5; ECF No. 55 at 3.) However, the Court is not persuaded that the discovery sought is relevant to this burden.

for production, interrogatories, requests for admissions, or deposition.  Notably, the intended purpose for the videotape is for Plaintiff to conduct a consumer survey that shows portions of the videotape to a sampling of consumers.  Yet, doing so would violate paragraphs 7.2 and 7.3 of the parties' Stipulated Protective Order.  (ECF No. 42 at 9-11.)  And even if the Stipulated Protective Order is modified to allow for the proposed consumer survey, Plaintiff fails to persuade the Court that a videotape of his site inspection is "the best way" (or even one of the better ways) to obtain the consumer survey results he seeks.  (*See* ECF No. 53-1 at 5-6; ECF No. 55 at 3.)  It would seem that Plaintiff can endeavor to obtain the survey results he seeks through other means, such as by crafting written survey questions and/or utilizing other available visual aids.  For example, it appears that there is a publicly available virtual tour of Defendant's facilities.  (ECF No. 54 at 7.)

A videotaped site inspection poses a significant burden to Defendant in terms of business disruption, safety, and proprietary and trade secret interests.  Defendant's relevant facility is a secure, non-public facility that contains valuable private information.  The Court is persuaded that a videotaped site inspection would unnecessarily disrupt Defendant's business operations by requiring supervision and assistance by Defendant's employees during and after the inspection to ensure safety and protection of proprietary information.  A videotaped site inspection also raises significant safety risks as the relevant facility "is an industrial setting where highly volatile and flammable chemicals—namely, 190 proof alcohol—are in use."  (ECF No. 54 at 7.)  Plaintiff fails to articulate a reasonable method for conducting his requested videotaped site inspection in light of these significant burdens raised by Defendant.[5]  Ultimately, the Court is persuaded that the burden of the discovery request (to videotape Plaintiff's site inspection) on Defendant and its operations is too great relative to its benefit.

---

[5] For the reasons set forth by Defendant, Plaintiff's proposal to obtain insurance fails to sufficiently address the significant safety risks and undue burden posed by the inspection Plaintiff seeks.  (ECF No. 54 at 7-8.)

Nevertheless, the Court is persuaded that an in-person site inspection sufficient to show Defendant's process for making Tito brand vodka, conducted at a reasonable time and under reasonable conditions, is relevant and does not pose an undue burden on Defendant.  Such a site inspection is relevant to the merits of the case.  Plaintiff may discover information about, for example, how Tito vodka is made and whether Defendant's "handmade" claims constitute materially misleading representations.  (*See* ECF No. 53-1 at 5.)  In light of the evidence of site visits from the TTB and a *Forbes* magazine reporter and the Court's confidence that the parties can negotiate a reasonable site inspection, the Court overrules Defendant's objections and orders Defendant to permit an in-person, non-videotaped inspection of its distillery and manufacturing facility sufficient to show Defendant's process for making Tito brand vodka.  (*See* ECF No. 53-1 at 7-8; ECF No. 55 at 4-5.)

## Conclusion

For the reasons stated above, Plaintiff Gary Hofmann's Motion to Compel Site Inspection (ECF No. 53) is GRANTED IN PART AND DENIED IN PART.  On or before **February 26, 2016**, Defendant shall permit Plaintiff to conduct an in-person, non-videotaped site inspection of Defendant's distillery and manufacturing facility sufficient to show Defendant's process for making Tito brand vodka.

IT IS SO ORDERED.

Dated:  November 25, 2015

Hon. Jill L. Burkhardt
United States Magistrate Judge